UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD REOTT and CAROL REOTT,           :
                                        :   CIVIL ACTION NO. 05-359
           Plaintiffs,                  :
                                        :   JURY TRIAL DEMANDED
     vs.                                :
                                        :
PFIZER, INC.,                           :
                                        :   JUDGE JOY FLOWERS CONTI
           Defendant.                   :

## COMPLAINT

Plaintiffs, EDWARD REOTT and CAROL REOTT, his wife, by their attorneys, EGAN & JAMIOLKOWSKI, file this Complaint in Civil Action against the Defendant, respectfully averring as follows:

I.

The causes of action herein are based upon diversity of citizenship of the parties and the amount in controversy which is in excess of Seventy Five Thousand Dollars exclusive of costs, interest and attorneys fees, as authorized by 28 U.S.C. §1332(a) and §1441.

II.

Plaintiffs, Edward Reott and Carol Reott, husband and wife, are individuals who are citizens of the Commonwealth of Pennsylvania and reside at 200 Fleming Park Road, Kennedy Township, Allegheny County, Pennsylvania 15136.

III.

Defendant, Pfizer, Inc., is a corporation organized and existing under the laws of the State of New Jersey, with its principal office located in the State of New York at 235 East 42nd Street New York, New York 10017.

IV.

At all times aforesaid, the Defendant is the successor corporation to the Warner-Lambert Corporation, a pharmaceutical corporation which prepared, developed, invented, designed, manufactured, tested, advertised, promoted, sold and/or distributed to the general public the drug Gabapentin, with the product name Neurontin, hereinafter referred to as "Neurontin," which was approved by the United States Food and Drug Administration for patients with certain seizure disorders.

V.

At all times heretofore, the Defendant and its predecessor advertised, promoted and provided medical information and literature to doctors and medical professionals through an illegal marketing scheme in order to increase the sales for its drug by actively promoting the use of Neurontin as a pain medication to treat patients with chronic pain syndrome as well as other medical conditions unrelated to seizure disorders.

VI.

At all times aforesaid, the Defendant and its predecessor in Pennsylvania and throughout the United States actively and in violation of Federal laws and regulations advertized and promoted the safety and efficacy of using the drug Neurontin to treat pain disorders as well as other "off-label" uses for its product.

VII.

The illegal activities included, but were not limited to, sponsoring and paying doctors and medical liaisons to produce articles, case studies and misinformation to the medical community promoting the safety of Neurontin as a medication in the treatment of pain disorders.

VIII.

At all times heretofore, Husband Plaintiff suffers from a chronic pain disorder.

IX

On or about April 25, 2002, Danielle Dolence, M.D. and Robert M. Sutherland, of New Vista Pain Management, in Moon Township, Allegheny County, Pennsylvania, began prescribing for Husband-Plaintiff the drug Neurontin in treating his pain disorder.

X.

At all times aforesaid, the drug Neurontin was invented, prepared, designed, manufactured, tested, approved, advertised, promoted, distributed and sold by defendants into the stream of commerce, where it was prescribed, purchased and used by Husband-Plaintiff as intended by the Defendant for a condition or use which was not tested and approved by the United States Food and Drug Administration and was marketed and/or promoted to pain management physicians using illegal and fraudulent methods and/or materials.

XI.

At all times aforesaid, the drug Neurontin was and is defective and unreasonably dangerous for use as a pain management medication and it caused Husband-Plaintiff severe and permanent injuries and damages, including, but not limited to, mental and physical impairment, pain and suffering, loss of enjoyment of life, medical expenses, lost income and other economic damages as well as damages for loss of consortium suffered by Wife-Plaintiff.

XII.

At all times aforesaid, Defendant, acting through its agents, servants and/or employees, knew or should have known of the aforesaid defects which created a dangerous condition for persons using Neurontin as a pain medication.

XIII.

Defendant failed to warn of the said defects and failed to recall and/or remedy the defects and hazards of the said drug although known to the defendant long before April 25, 2002.

XIV.

Defendant is liable to the Plaintiffs for its reckless, willful, negligent and wanton conduct as aforesaid and is also strictly liable under Pennsylvania law for damages by placing a defective product into the stream of commerce and for breaching expressed and implied warranties which resulted in the injures and damages to the Plaintiffs as aforesaid.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS together with punitive damages, costs of suit as well as other and further relief as the Court may deem proper.

A JURY TRIAL IS DEMANDED.

Respectfully submitted:

EGAN & JAMIOLKOWSKI

Date: May 27, 2005

By: _____
Alexander J. Jamiolkowski, Esquire
PA I.D. #34599

1609 Lawyers Building
428 Forbes Avenue
Pittsburgh, PA 15219
(412) 765-2120

ATTORNEYS FOR THE PLAINTIFFS

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD REOTT and CAROL REOTT, :
: CIVIL ACTION NO. 05-359
      Plaintiffs, :
: JURY TRIAL DEMANDED
vs. :
:
PFIZER, INC., :
: JUDGE JOY FLOWERS CONTI
      Defendant. :

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint in Civil Action was served upon the following counsel of record by U.S. First Class mail, postage prepaid on this 27th day of May, 2005:

    John W. Frazier, IV, Esquire
    John E. Caruso, Esquire
    Richard G. Placey, Esquire
    Montgomery, McCracken, Walker & Rhoads, LLP
    123 South Broad Street
    Philadelphia, PA 19109-1099

                Respectfully submitted,

                EGAN & JAMIOLKOWSKI

Date: May 27, 2005

                Alexander J. Jamiolkowski, Esquire
                PA. I.D. No. 34599  Firm No. 222

                1609 Lawyers Building
                428 Forbes Avenue
                Pittsburgh, PA 15219
                (412) 765-2120

                ATTORNEYS FOR THE PLAINTIFFS

CLOSED

# U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
### CIVIL DOCKET FOR CASE #: 2:05-cv-00359-JFC

REOTT, et al v. PFIZER INC.
Assigned to: Judge Joy Flowers Conti
Demand: $75000
Case in other court: Allegheny County, GD05-2748
Cause: 28:1441 Notice of Removal-Product Liability

Date Filed: 03/17/2005
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

EDWARD REOTT     represented by **Alexander J. Jamiolkowski**
Egan & Jamiolkowski
428 Forbes Avenue
1609 Lawyers Building
Pittsburgh, PA 15219
(412) 765-2120
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

CAROL REOTT     represented by **Alexander J. Jamiolkowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

PFIZER INC.     represented by **James E. Murray**
Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Rouhandeh**
Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John E. Caruso**

CERTIFIED FROM THE RECORD
Date 7/27/05
ROBERT V. BARTH, JR., CLERK
By _____ Deputy Clerk

      Montgomery, McCracken, Walker &
      Rhoads
      123 South Broad Street
      24th Floor
      Philadelphia, PA 19109
      (215) 772-1500
      *LEAD ATTORNEY*
      *ATTORNEY TO BE NOTICED*

**John W. Frazier, IV**
Montgomery, McCracken, Walker &
Rhoads
123 South Broad Street
24th Floor
Philadelphia, PA 19109
(215) 772-1500
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard G. Placely**
Montgomery, McCracken, Walker &
Rhoads
123 South Broad Street
24th Floor
Philadelphia, PA 19109
(215) 772-1500
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 03/17/2005 | 1 | NOTICE OF REMOVAL by PFIZER INC. from Court of Common Pleas of Allegheny County with copy of Praecipe for Writ of Summons at No. GD 05-2748 attached. FILING FEE $ 250.00 RECEIPT # 05002665 (tt) (Entered: 03/17/2005) |
| 03/18/2005 | 2 | DISCLOSURE statement by PFIZER INC. (ksa) (Entered: 03/18/2005) |
| 03/28/2005 | 3 | ORDER ON MOTION PRACTICE dated 3/28/05 as stated more fully in order. ( signed by Judge Joy F. Conti on 3/28/05 ) CM all parties of record. (plh) (Entered: 03/28/2005) |
| 05/27/2005 | 4 | COMPLAINT with jury demand by EDWARD REOTT and CAROL REOTT (tt) (Entered: 05/31/2005) |
| 06/17/2005 | 5 | Stipulation by EDWARD REOTT, CAROL REOTT, PFIZER INC. Extending Time for deft to answer until 7/20/05 . (tt) (Entered: 06/17/2005) |
| 06/17/2005 | | Deadline updated; set Answer deadline to 7/20/05 for PFIZER INC. (tt) (Entered: 06/17/2005) |

| 07/18/2005 | ●6 | Conditional Transfer Order received from the Judicial Panel on Multi-District Litigation. (Attachments: # 1 cover letter from MDL) (jsp, ) (Entered: 07/21/2005) |
|---|---|---|
| 07/21/2005 | ●7 | ANSWER to Complaint by PFIZER INC..(jsp ) (Entered: 07/21/2005) |
| 07/21/2005 | ●8 | Conditional Transfer Order received from the Judicial Panel on Multi-District Litigation. (jsp) (Entered: 07/22/2005) |
| 07/26/2005 | ● | Case transferred to District of Massachusetts. Original file, certified copy of transfer order, and docket sheet sent. (jsp) (Entered: 07/26/2005) |

FEE PAID
RCPT # 2665
1538

9/1/2005
M.P.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD REOTT and<br>CAROL REOTT,<br><br>          Plaintiffs,<br><br>    v.<br><br>PFIZER INC.,<br><br>          Defendant. | **05-0359**<br>Civil Action No. _____ |



### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendant Pfizer Inc. ("Defendant") hereby removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania, in which it is now pending, to the United States District Court for the Western District of Pennsylvania.

Defendant avers that:

1. The Praecipe for Writ of Summons in this action was filed in the Court of Common Pleas of Allegheny County, Pennsylvania, where it was docketed at Docket No. GD 05-2748. Defendant was served with a copy of the Praecipe for Writ of Summons in this matter on February 16, 2005, and thus this removal is timely under 28 U.S.C. § 1446(b).

2. This is a civil action of which this Court has original jurisdiction under 27 U.S.C. § 1332(a) because it is an action between citizens of different states and, upon information and belief, the matter in controversy exceeds $75,000, excluding interest and costs.

1147640v1

3. Upon information and belief, Defendant avers that Plaintiffs are citizens of the Commonwealth of Pennsylvania.

4. Pfizer Inc. is a corporation formed under the laws of Delaware and has its principal place of business in New York, and thus is a citizen of Delaware and New York.

5. Accordingly, Plaintiffs and Defendant are, and have been since institution of this action, citizens of different states.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, this action is removable from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

7. A copy of the Praecipe for Writ of Summons, which constitutes all process, pleadings and orders served upon Defendant, is attached as Exhibit A in accordance with 28 U.S.C. § 1446(a).

8. This notice is timely, it being filed within thirty days of the receipt by Defendant of the Praecipe for Writ of Summons.

9. Defendant will file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Allegheny County, Pennsylvania, pursuant to 28 U.S.C. § 1446(d) and serve same as set forth in the attached Certificate of Service.

**WHEREFORE**, Defendant removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

Date:  March 16, 2005

By: _____
John W. Frazier, IV (PA 17064)
John E. Caruso (PA 23379)
Richard G. Placey (PA 37713)
MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109-1099
Tel:  215-772-1500
Fax:  215-772-7620
Email:  jfrazier@mmwr.com,
          jcaruso@mmwr.com,
          rplacey@mmwr.com

Of counsel:

James Rouhandeh
James E. Murray
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

*Counsel for Defendant*
*Pfizer Inc.*

3

# EXHIBIT A

WRIT OF SUMMONS IN CIVIL ACTION
TO DEFENDANT(S): You are notified that the plaintiff(s) has/have commenced an action against you which you are required to Defend.

Date 2-1-05        Michael Lamb, Prothonotary                    ) SHERIFF
                                                                 )
Returnable 3-3-05                              Deputy            ) SURCHARGE
                                                                 )
                                                                 ) MILEAGE
                                                                 )

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

EDWARD REOTT and CAROL REOTT,       CIVIL DIVISION
his wife,
        Plaintiffs,                  No. GD 05- 2748

    v.                               **PRAECIPE FOR WRIT OF SUMMONS
                                     IN CIVIL ACTION**
PFIZER, INC., a Delaware Corporation,
                                     **JURY TRIAL DEMANDED**
        Defendant.
                                     CODE: 004

                                     FILED ON BEHALF OF:
                                     Plaintiffs

                                     COUNSEL OF RECORD FOR
                                     THIS PARTY:

                                     ALEXANDER J. JAMIOLKOWSKI
                                     PA I.D. No. 34599

                                     EGAN & JAMIOLKOWSKI
                                     Firm No. 222

                                     Suite 1609, Lawyers Building
                                     428 Forbes Avenue
                                     Pittsburgh, PA 15219
                                     (412) 765-2120

## CERTIFICATE OF SERVICE

I, Meghan M. Thomsen, Esquire, hereby certify that on this 16th day of March, 2005, I caused a true and correct copy of the foregoing *Notice of Removal* to be served by United States First Class Mail, postage prepaid, upon the following persons:

>Alexander J. Jamiolkowski, Esquire
>EGAN & JAMIOLKOWSKI
>Suite 1609, Lawyers Building
>428 Forbes Avenue
>Pittsburgh, PA 15219
>>*Counsel for Plaintiffs*

I further certify that upon receipt of the time-stamped copy of the Notice of Removal back from the United States District Court for the Western District of Pennsylvania, I will cause that copy of the foregoing to be served by United States first class mail, postage prepaid, upon the following at the address listed below:

>Office of the Prothonotary
>County of Allegheny
>First Floor -- City-County Building
>414 Grant Street
>Pittsburgh, PA 15219-2469

*/s/ Meghan M. Thomsen*
Meghan M. Thomsen

1147640v1

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
ATTORNEYS AT LAW

JOHN W. FRAZIER, IV
ADMITTED IN PENNSYLVANIA

DIRECT DIAL
215-772-7220

jfrazier@mmwr.com

123 SOUTH BROAD STREET
AVENUE OF THE ARTS
PHILADELPHIA, PA 19109
215-772-1500
FAX 215-772-7620

LIBERTYVIEW
457 HADDONFIELD ROAD, SUITE 600
CHERRY HILL, NJ 08002
856-488-7700
FAX 856-488-7720

300 DELAWARE AVENUE, SUITE 750
WILMINGTON, DE 19801
302-504-7800
FAX 302-504-7820

1235 WESTLAKES DRIVE, SUITE 200
BERWYN, PA 19312
610-889-2210
FAX 610-889-2220

March 16, 2005

**By Federal Express**

Robert V. Barth, Jr.
Clerk of Court
United States District Court for the
  Western District of Pennsylvania
U.S. Post Office & Courthouse
Seventh Avenue & Grant Street
Pittsburgh, PA  15219

   Re: Edward & Carol Reott v. Pfizer Inc.
     C.C.P., Allegheny County, Pennsylvania, Docket No. GD-05-2748

Dear Mr. Barth:

  I am enclosing for filing the original and two copies of Defendant Pfizer Inc.'s Notice of Removal, as well as a disk containing this document in PDF format. Please file the original document and return a time-stamped copy to me in the enclosed, self-addressed, pre-paid Federal Express envelope. I am also enclosing a check in the amount of $259.00 to cover the filing fee.

  Thank you for your assistance in this matter.

             Very truly yours,

             John W. Frazier, IV

JWF:seb
Enclosures

  cc: Alexander J. Jamiolkowski, Esquire (with enclosure) (by regular mail)

A LIMITED LIABILITY PARTNERSHIP FORMED IN PENNSYLVANIA
LOUIS A. PETRONI – NEW JERSEY RESPONSIBLE PARTNER

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05-0359

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Edward Reott and Carol Reott

## DEFENDANTS
Pfizer Inc.

(b) County of Residence of First Listed Plaintiff **ALLEGHENY**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
See Attachment

Attorneys (If Known)
See Attachment

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☒ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine / PERSONAL PROPERTY | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability / ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other |  |  | Under Equal Access |
|  | Employment / ☐ 550 Civil Rights |  |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of |
|  | Other |  |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. Sec. 1332
Brief description of cause: Pharmaceutical Products Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): NONE
JUDGE _____
DOCKET NUMBER _____

DATE: 3/16/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**ATTACHMENT**

Counsel for Plaintiffs

Alexander J. Jamiolkowski, Esquire
EGAN & JAMIOLKOWSKI
Suite 1609, Lawyers Building
428 Forbes Avenue
Pittsburgh, PA 15219
Tel: 412-765-2120
Fax: 412-765-2996
Email: ejlaw@bellatlantic.net


Counsel for Defendant

John W. Frazier, IV, Esquire
John E. Caruso, Esquire
Richard G. Placey, Esquire
MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109-1099
Tel: 215-772-1500
Fax: 215-772-7620
Email: jfrazier@mmwr.com

JS 44A REVISED OCTOBER, 1993

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**
This case belongs on the ( _____ Erie _____ Johnstown __X__ Pittsburgh) calendar.

1. ERIE CALENDAR - If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean. Venang or Warren, OR any plaintiff or defendant resides in one of said counties.
2. JOHNSTOWN CALENDAR - If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset OR any plaintiff or defendant resides in one of said counties.
3. Complete if on ERIE CALENDAR: I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.
4. Complete if on JOHNSTOWN CALENDAR: I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.

**PART B** (You are to check ONE of the following)
1. ____ This case is related to Number _____ Judge _____.
2. _X_ This case is not related to a pending or terminated case.

DEFINITIONS OF RELATED CASES:
CIVIL: Civil cases are deemed related when a case filed relates to property included in another suit or involves the same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement of a patent involved in another suit
EMINENT DOMAIN: Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related.
HABEAS CORPUS & CIVIL RIGHTS: All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PART C**
I. CIVIL CATEGORY (Place x in only applicable category).
1. ( ) Antitrust and Securities Act Cases
2. ( ) Labor-Management Relations
3. ( ) Habeas Corpus
4. ( ) Civil Rights
5. ( ) Patent, Copyright, and Trademark
6. ( ) Eminent Domain
7. ( ) All other federal question cases
8. (X) All personal and property damage tort cases, including maritime, FELA, Jones Act, Motor vehicle, products liability, assault, defamation, malicious prosecution, and false arrest
9. ( ) Insurance indemnity, contract and other diversity cases.
10. ( ) Government Collection Cases (shall include HEW Student Loans (Education), VA Overpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.), HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, S.BA. Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

Date: _____3/16/05_____          _____John W. Frun, IV_____
                                              ATTORNEY AT LAW

NOTE: ALL SECTIONS OF BOTH SIDES MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.